Cody B. Doig (Bar No. 2109091)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Tel: 907.277.1900
cody.doig@stoel.com

Jason T. Morgan (Bar No. 1602010)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Tel: 206.624.0900
jason.morgan@stoel.com

Attorneys for Proposed-Intervenor Defendant
J T Mining, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, CHICKALOON VILLAGE TRADITIONAL COUNCIL, CENTER FOR BIOLOGICAL DIVERSITY, and ANNA-MARIA MUELLER,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. ARMY CORPS OF ENGINEERS, LIEUTENANT WILLIAM H. GRAHAM, Jr., in his official capacity as Chief of Engineers and Commanding General, U.S. Army Corps of Engineers, COLONEL JEFFREY S. PALAZZINI, in his official capacity as Commander of the U.S. Army Corps of Engineers, Alaska District,<br><br>    Defendants. | Case No. 3:25-cv-00097-SLG |

**J T MINING'S MOTION TO INTERVENE AS A DEFENDANT**

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-cv-00097-SLG     1

# INTRODUCTION

On May 17, 2019, J T Mining, Inc. ("JTMI") entered into a lease agreement with Cook Inlet Region, Inc. ("CIRI") to explore minerals on two parcels of land known as the Johnson Tract. To do so, JTMI sought various approvals and authorizations from federal and state agencies, including a dredge and fill permit issued by the U.S. Army Corps of Engineers (the "Corps"). On September 10, 2024, the Corps issued JTMI a permit under Section 404 of the Clean Water Act to construct an access road and improve an existing air strip on the south parcel of the Johnson Tract. The Center for Biological Diversity, Cook Inletkeeper, Chickaloon Village Traditional Council, and Anna-Maria Mueller ("Plaintiffs") seek to vacate the Section 404 permit issued to JTMI and halt mineral exploration on CIRI lands.[1] JTMI seeks to intervene to protect its legal rights under the Section 404 permit, its significant investment in the Johnson Tract, and its mineral exploration lease with CIRI.

# BACKGROUND

Congress passed the Cook Inlet Land Exchange Act ("1976 Act") in 1976 to fulfill CIRI's Alaska Native Claims Settlement Act ("ANCSA") land selections.[2] As part of the 1976 Act, CIRI relinquished ANCSA land selections around Lake Clark and, in exchange, received the 20,942-acre Johnson Tract, a known mineral prospect on the west side of Cook Inlet at the head of the Johnson River. The Johnson Tract consists of

---

[1] Lieutenant General William H. Graham is incorrectly identified as a Lieutenant in the Plaintiffs' complaint. The caption in this matter should be amended to reflect the Defendant's proper rank.

[2] Act of Oct. 4, 1976, Pub. L. No. 94-456, 90 Stat. 1934-37 (1976).

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-CV-00097-SLG  2

129235476.1 0075444-00005

two smaller tracts: the South Tract, an 11,342-acre tract where CIRI received both surface and subsurface rights, and the North Tract, a 9,600-acre tract where CIRI received only the subsurface rights.

As part of the 1976 Act, CIRI agreed to support the creation of the Lake Clark National Park and Preserve ("LCNPP") in exchange for the Johnson Tract. The 1976 Act also included a transportation easement and a port easement across the LCNPP to facilitate mineral extraction as set out in Sections I.D.(2) and (3) of an agreement between CIRI, the State of Alaska, and the Department of Interior:

> (2) T. 1 N., R. 21 W., S.M. (Secs. 13-15, 22-28, 32-36). The Secretary shall only convey the rights to metalliferous minerals in the land herein described. All activities related to the extraction of such minerals shall be subject to a surface use plan submitted by CIRI and approved by the Secretary. Surface use for the purposes of exploration, extraction, access and beneficiation shall be conducted in accordance with the most advanced technology commercially available at the time, consistent with the exercise of the rights conveyed under this subparagraph. CIRI, its successors and assigns, shall be required to repair and reclaim any surface damage as rapidly as practicable consistent with the reasonable exercise of such mineral rights.
>
> (3) T. 1 S., R. 21 W., S.M. (Secs. 3-10, 15-22, 29-30). The Secretary shall transfer to CIRI the above-described lands in fee simple. Such conveyance shall be subject to a restrictive covenant, running with the land, providing that the surface shall only be used for purposes reasonably incident to mining and mineral extraction, including processing and transportation. The Secretary shall also convey to CIRI *an easement for a port* which shall reasonably provide for receiving, shipping, storage and incidental handling, and incidental facilities thereto, of the minerals extracted from the lands conveyed under subparagraphs I.D.(2) and I.D.(3). The Secretary shall also convey to CIRI a transportation *easement to provide for transportation* by road, rail or pipeline, of the minerals from the above-described lands to the

port easement. The Secretary and CIRI shall mutually agree upon the location of these two easements.[3]

CIRI's negotiated allocation, including the easement for a road to the Johnson Tract and a port for shipping, significantly improved its financial position by securing resource-rich lands instead of lands with limited use or economic value.[4] Constantine Metal Resources Ltd., through its wholly owned U.S. subsidiary JTMI, entered into a lease agreement with CIRI on May 17, 2019 to explore and develop mineral resources on the Johnson Tract.[5] The initial term of the lease agreement is for 10 years followed by a five-year development term to achieve a mine construction decision, and a production term that will continue for so long as operations and commercial production are maintained.[6] The lease agreement includes annual lease payments from JTMI to CIRI.[7]

To develop the Johnson Tract under the lease agreement, JTMI submitted a complete application to the Corps for a Clean Water Act Section 404 permit in October 2023. The application included an access road—entirely on CIRI lands—that would connect an existing airstrip and existing camp with a new portal site.[8] The application also included lengthening the existing airstrip—also entirely on CIRI lands—by

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

---

[3] Ex. A, Terms and Conditions for Land Consolidation and Management of the Cook Inlet Area at 14-15 (Aug. 31, 1976) (emphasis added).
[4] CIRI, *Cook Inlet Land Exchange 30-Year Anniversary*, https://ciri.com/wp-content/uploads/2013/12/Oct06_LandExchange.pdf (last visited June 27, 2025).
[5] *See* Decl. of Rick Van Nieuwenhuyse ¶ 4.
[6] *Id.*
[7] *Id.*
[8] The portal site is the starting location of an underground ramp to complete exploration of the deposit on the Johnson Tract.

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-CV-00097-SLG                    4
129235476.1 0075444-00005
Case 3:25-cv-00097-SLG    Document 12    Filed 07/07/25    Page 4 of 12

approximately 2,600 feet. These activities would cause a discharge of dredge and fill material to waters of the United States ("WOTUS") in the uppermost portion of the Johnson River. The Corps approved JTMI's application and issued the Section 404 permit on August 20, 2024. On January 25, 2025, the National Park Service conveyed a transportation easement and a port easement to CIRI.[9] Those deeds grant to CIRI an exclusive easement to access, explore and develop mineral resources on the Johnson Tract.[10]

JTMI, therefore, has a leasehold interest in the Johnson Tract to explore and potentially develop minerals, beginning with the construction of a road and expanding an airstrip entirely on CIRI-owned lands as authorized by the Section 404 permit issued by Corps to JTMI.[11]

## ARGUMENT

### I. JTMI Is Entitled to Intervene as of Right

An applicant for intervention under Rule 24(a)(2) must establish four elements: "(1) that the prospective intervenor's motion is timely; (2) that the would-be intervenor has a significantly protectable interest relating to … the subject of the action; (3) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest; and (4) that such

---

[9] *Id.* ¶ 5.
[10] *Id.*
[11] *Id.* ¶¶ 4-7.

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-CV-00097-SLG 5

129235476.1 0075444-00005

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

interest is inadequately represented by the parties to the action."[12] Consistent with all other federal courts of appeal, the Ninth Circuit applies this test broadly in favor of intervention:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.[13]

Thus, courts assess a motion to intervene "primarily by practical considerations, not technical distinctions."[14] JTMI has a practical interest in the outcome and satisfies the requirements of Rule 24 to intervene as of right.

### a. JTMI's motion is timely

Courts look at three factors when determining whether a motion to intervene is timely: (1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in requesting intervention.[15]

JTMI seeks intervention less than two months after Plaintiffs filed their complaint and before the Corps has filed a responsive pleading or other motion. Neither

---

[12] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (citation modified).
[13] *United States v. City of L.A., Cal.*, 288 F.3d 391, 397-98 (9th Cir. 2002) (internal quotation marks and citation omitted; emphasis in original); *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990).
[14] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks and citation omitted).
[15] *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) (citing *United States v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), *cert. denied*, 501 U.S. 1250 (1991)).

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-CV-00097-SLG   6
129235476.1 0075444-00005
Case 3:25-cv-00097-SLG   Document 12   Filed 07/07/25   Page 6 of 12

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900   Fax 907.277.1920

Plaintiffs nor the Corps would be prejudiced because JTMI's motion precedes any motions practice and will not delay the proceeding.[16] Moreover, JTMI files a proposed answer[17] with its motion to intervene even though "[c]ourts, including [the Ninth Circuit], have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."[18] JTMI's motion, therefore, is timely.

### b. JTMI has a significant protectable interest in the resolution of this action

To demonstrate a "significant protectable interest," a party seeking intervention "must establish that [the] interest is protectable under some law and that there is a relationship between [the] legally protected interest and the claims at issue."[19] Such a relationship exists when "the resolution of the plaintiff's claims actually will affect" the party seeking intervention.[20]

Plaintiffs seek invalidation of the Section 404 permit that grants to JTMI the legal right to pursue those activities that JTMI has contracted with CIRI to perform and for which it has made significant investments.[21] JTMI, therefore, will be actually affected because it holds the permit that is the subject of Plaintiffs' action and without

---

[16] *See id.*
[17] Ex. B, Proposed Answer.
[18] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).
[19] *Nw. Forest Res. Council*, 82 F.3d 825 at 837 (citing *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1484 (9th Cir. 1993), *overruled on other grounds by*, *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)) (citation modified).
[20] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).
[21] Compl. ¶ 7.

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-CV-00097-SLG    7
129235476.1 0075444-00005
Case 3:25-cv-00097-SLG    Document 12    Filed 07/07/25    Page 7 of 12

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900    Fax 907.277.1920

that permit, JTMI may not improve the airstrip or build the road to access the portal to facilitate mining activities for which it has leased the Johnson Tract.[22] The Ninth Circuit has been very clear that contractual stakes in an action are protectable interests sufficient to warrant intervention,[23] but more relevant here, however, is that JTMI has a legal interest in the rights granted by the permit that is the focus of the litigation.[24] Finally, JTMI has incurred significant costs to develop its rights under the permit and pursuant to its contract with CIRI.[25] JTMI's interest derives from the permit itself, and its contract with CIRI, both of which are protectable interests.

### c. Disposition in favor of Plaintiffs will harm JTMI's interests

The focus of whether a proposed-intervenor's interests will be harmed is practical.[26] Where the remedy is categorical in demand or injunctive in nature, intervention as of right is particularly appropriate.[27]

---

[22] *See* Decl. of Rick Van Nieuwenhuyse ¶ 9; *State of Montana v. U.S. E.P.A.*, 137 F.3d 1135, 1141–42 (9th Cir. 1998) (holding that the proposed intervenors lacked a "significant protectable interest," because they did not have the type of permit that was the subject of the plaintiffs' action), *cert. denied*, 525 U.S. 921 (1998); *Greene v. United States*, 996 F.2d 973, 976–78 (9th Cir. 1993).
[23] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (finding a significant protectable interest in a contract).
[24] *Sierra Club*, 995 F.2d at 1484 (holding that permittee under Clean Water Act holds protectable interest in litigation affecting permittees discharge under the applicable permit).
[25] *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (a party's economic interest that is "concrete and related to the underlying subject matter of the action" is a protectable interest).
[26] Fed. R. Civ. P. 24 (the advisory notes state that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").
[27] *City of L.A.*, 288 F.3d at 399 (complaint sought injunctive relief against police officers and raised factual allegations that officers committed constitutional violations);

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

The Section 404 permit authorizes the discharge of fill material to improve an airstrip, install culverts, and build a portal access road, all on the south parcel of the Johnson Tract. If the permit is vacated, both the airstrip and the portal access road cannot be improved, which means drilling equipment cannot be flown to the site nor materials like culverts for crossing streams, and the site of the mining portal cannot be accessed.[28] The Plaintiffs' permanent injunctive relief precludes these activities and necessitates intervention as of right.

### d. Defendants do not adequately represent JTMI's interests

The bar to demonstrate inadequate representation by the existing parties is not difficult to clear.[29] JTMI need only demonstrate that representation of its interests by the Corps "may be" inadequate—JTMI need not "anticipate specific differences in trial strategy" to differentiate its interests in the case that will fodder dissimilar arguments.[30] The Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.[31]

---

*see also Sw. Ctr. for Biological Diversity*, 268 F.3d at 819 (citing *Sierra Club*, 995 F.2d at 1482, 1486, and recognizing that the City of Los Angeles could intervene as of right because "the City's status as an EPA permittee could be affected when the relief sought would require the EPA to make the City's permits more restrictive").
[28] *See* Decl. of Rick Van Nieuwenhuyse ¶ 9.
[29] *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).
[30] *Sw. Ctr. for Biological Diversity*, 268 F.3d at 824.
[31] *City of L.A.*, 288 F.3d at 398 (quoting *Nw. Forest Res. Council*, 82 F.3d at 838).

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

JTMI's Section 404 permit is based on safety, feasibility, and processing parameters. The size and location of the landing strip, number of culverts, and ultimately, the amount of dredge and fill material was proposed by JTMI based on safely transporting those materials while minimizing traffic to the airstrip and to the portal.[32] While the Corps may defend its decision as the permitting agency, it will not raise factual and legal arguments from the perspective of the applicant. JTMI's participation, therefore, is not only dissimilar by virtue of the data that went into the application but will improve the Court's consideration of the design criteria for the Johnson Tract and future operations.

## II. Alternatively, JTMI Is Entitled to Permissive Intervention

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party.[33] Permissive intervention should be allowed under Fed. R. Civ. P. 24(b) as long as the applicant for intervention establishes that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[34] Under this standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown.[35]

---

[32] *See* Decl. of Rick Van Nieuwenhuyse ¶ 7.
[33] *City of L.A.*, 288 F.3d at 397–98.
[34] *Donnelly*, 159 F.3d at 412.
[35] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *overruled in part on other grounds by*, *Wilderness Soc'y*, 630 F.3d at 1178.

Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.
Case No. 3:25-CV-00097-SLG        10
129235476.1 0075444-00005
Case 3:25-cv-00097-SLG    Document 12    Filed 07/07/25    Page 10 of 12

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main 907.277.1900  Fax 907.277.1920

As described above, JTMI's interests are directly at stake in this case. As the only private entity involved, and the party that will suffer the most direct and adverse impacts of the relief sought by Plaintiffs, JTMI's interests share common questions of law and fact with the Corps' issuance of the Clean Water Act permit. JTMI's motion is timely and will not prejudice the parties. This Court should grant JTMI permissive intervention if it denies JTMI's request to intervene as of right.

## CONCLUSION

For the foregoing reasons, JTMI respectfully requests that the Court grant its motion to intervene as of right under Fed. R. Civ. P. 24(a). In the alternative, JTMI respectfully requests that it be granted permissive intervention under Fed. R. Civ. P. 24(b).

DATED: July 7, 2025  STOEL RIVES LLP

 By: /s/ Cody B. Doig
Cody B. Doig (Bar No. 2109091)
cody.doig@stoel.com
Jason T. Morgan (Bar No. 16020210)
jason.morgan@stoel.com
*Attorneys for Proposed-Intervenor Defendant J T Mining*

*Cook Inletkeeper v. U.S. Army Corps of Engineers, et al.*
Case No. 3:25-CV-00097-SLG    11
129235476.1 0075444-00005
Case 3:25-cv-00097-SLG    Document 12    Filed 07/07/25    Page 11 of 12

# CERTIFICATE OF SERVICE

    I hereby certify that on July 7, 2025, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:25-cv-00097 who are registered CM/ECF users, and who are listed below, will be served by the CM/ECF system.

                                        /s/ Cody B. Doig
                                        Cody B. Doig

**STOEL RIVES LLP**
510 L Street, Suite 500, Anchorage, AK 99501
*Main 907.277.1900  Fax 907.277.1920*