ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

AMBER DUTTON-BYNUM
CAMERON HINOJOS
KIERAN O'NEIL
Natural Resources Section
Environmental Defense Section
Wildlife & Marine Resources Section
P.O. Box 7611, Washington, DC 20044-7611
Tel: (202) 353-7548 (O'Neil)
E-mail: Kieran.O'Neil@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| COOK INLETKEEPER, CHICKALOON VILLAGE TRADITIONAL COUNCIL, CENTER FOR BIOLOGICAL DIVERSITY, and ANNA-MARIA MUELLER,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, LIEUTENANT WILLIAM H. GRAHAM JR., in his official capacity as Chief of Engineers and Commanding General, United States Army Corps of Engineers, COLONEL JEFFREY S. PALAZZINI, in his official capacity as Commander of the U.S. Army Corps of Engineers, Alaska District, | Case No. 3:25-cv-00097 |

|  | |
|---|---|
| Defendants. | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

The United States Army Corps of Engineers; Lieutenant William H. Graham, in his official capacity as Chief of Engineers and Commanding General; and Colonel Jeffrey S. Palazzini, in his official capacity as Commander of the U.S. Army Corps of Engineers, Alaska District (collectively, "Defendants"), answer as follows in response to the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) filed by Plaintiffs Cook Inletkeeper, Chickaloon Village Traditional Council, Center for Biological Diversity, and Anna-Maria Mueller (collectively, "Plaintiffs").

The responses are numbered to correspond to the Paragraph numbers in the Complaint.

## INTRODUCTION

1.     The allegations in the first sentence of Paragraph 1 constitute Plaintiffs' characterization of their case, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. Defendants admit the allegations in the second sentence of Paragraph 1. In response to the allegations in the third sentence, Defendants admit that the Johnson River enters into Lake Clark National Park and drains into Cook Inlet downriver from the proposed project site. The remaining allegations in the third sentence are vague and ambiguous as to the meaning of "just a few miles" and

"approximately thirteen miles downriver," and Defendants therefore lack information sufficient to form a response and deny the allegations on that basis. In response to the allegations in the fourth sentence, Defendants admit that the Johnson River and its watershed are part of an ecosystem that supports an array of fish, wildlife, and marine mammals. Defendants deny any remaining allegations in the fourth sentence of Paragraph 1. Defendants admit the allegations in the fifth sentence of Paragraph 1.

2.      The allegations in the first sentence of Paragraph 2 purport to characterize rules listing the Cook Inlet beluga whale as endangered under the Endangered Species Act ("ESA") and designating critical habitat, which speak for themselves are the best evidence of their contents. To the extent the allegations are inconsistent with the listing and critical habitat rules, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and deny the allegations on that basis.

3.      In response to the allegations in Paragraph 3, Defendants admit only that other species besides the Cook Inlet beluga whale may be present in the area comprising the Johnson River valley, Tuxedni Bay, and the Lake Clark National Park coastline, including brown bears, wolves, moose, birds, and salmon. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and deny the allegations on that basis.

4.      Defendants admit the allegations in Paragraph 4.

Case No. 3:25-cv-00097-SLG
*Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*

5. Defendants admit the allegations in the first two sentences of Paragraph 5. The remaining allegations in Paragraph 5 are vague and ambiguous as to the meaning of "advanced," "large, heavy," "over and around," and "little"; as such, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and Defendants deny the allegations on that basis.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 contain legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that subject matter jurisdiction exists but deny any remaining allegations.

9. The allegations in Paragraph 9 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper but deny any remaining allegations.

10. Defendants admit that Plaintiffs sent a letter to Defendants dated February 27, 2025. The remaining allegations in Paragraph 10 are legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

**PLAINTIFFS**

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and deny the allegations on that basis.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and deny the allegations on that basis.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants admit the allegation in the first sentence of Paragraph 14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and deny the allegations on that basis.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15 and deny the allegations on that basis. Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and deny the allegations on that basis.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and deny the allegations on that basis.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and deny the allegations on that basis.

20.     Defendants deny the allegations in Paragraph 20.

## DEFENDANTS

21.     Defendants admit the allegations in Paragraph 21.

22.     Defendants admit the allegation in the first sentence of Paragraph 22. Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

## STATUTORY BACKGROUND

24.     Defendants admit that the Corps must comply with federal law in issuing permits, but deny any remaining allegations in Paragraph 24.

### Clean Water Act

25.     The allegations in the first sentence of Paragraph 25 purport to characterize and quote the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the CWA, Defendants deny the allegations. The remaining allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

26.     The allegations in Paragraph 26 purport to characterize and quote the CWA Section 404(b)(1) Guidelines, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the CWA and CWA Section 404(b)(1) Guidelines, Defendants deny the allegations.

27.     The allegations in Paragraph 27 purport to characterize and quote the CWA and CWA Section 404(b)(1) Guidelines, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the CWA and CWA Section 404(b)(1) Guidelines, Defendants deny the allegations.

28.     The allegations in Paragraph 28 purport to characterize and quote the CWA Section 404(b)(1) Guidelines, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the CWA and CWA Section 404(b)(1) Guidelines, Defendants deny the allegations.

**Endangered Species Act**

29.     The allegations in Paragraph 29 purport to characterize and quote the Endangered Species Act ("ESA") and U.S. Supreme Court jurisprudence, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA and this jurisprudence, Defendants deny the allegations.

30.     The allegations in Paragraph 30 purport to characterize and quote the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the ESA, Defendants deny the allegations.

31.     The allegations in Paragraph 31 purport to characterize and quote the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the ESA, Defendants deny the allegations.

32.　　The allegations in Paragraph 32 purport to characterize and quote the ESA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the ESA, Defendants deny the allegations.

33.　　The allegations in Paragraph 33 purport to characterize and quote the ESA and its regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA or its regulations, Defendants deny the allegations.

34.　　The allegations in Paragraph 34 purport to characterize and quote the ESA, its regulations, and Ninth Circuit jurisprudence, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA, its regulations, or this jurisprudence, Defendants deny the allegations.

35.　　The allegations in Paragraph 35 purport to characterize and quote the ESA and its regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA or its regulations, Defendants deny the allegations.

36.　　The allegations in Paragraph 36 purport to characterize and quote the ESA's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA's regulations, Defendants deny the allegations.

37.     The allegations in Paragraph 37 purport to characterize and quote the ESA's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA's regulations, Defendants deny the allegations.

38.     The allegations in Paragraph 38 purport to characterize and quote the ESA and its regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA or its regulations, Defendants deny the allegations.

39.     The allegations in Paragraph 39 purport to characterize the ESA, its regulations, and the Marine Mammal Protection Act ("MMPA"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA, its regulations, or the MMPA, Defendants deny the allegations.

## National Environmental Policy Act

40.     The allegations in Paragraph 40 purport to characterize and quote case law and the National Environmental Policy Act ("NEPA"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the cited case or NEPA, Defendants deny the allegations.

41.     The allegations in Paragraph 41 purport to characterize and quote NEPA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with NEPA, Defendants deny the allegations.

42.     The allegations in Paragraph 42 purport to characterize and quote NEPA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with NEPA, Defendants deny the allegations.

**Administrative Procedure Act**

43.     The allegations in Paragraph 43 purport to characterize and quote the Administrative Procedures Act ("APA"), which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

44.     The allegations in Paragraph 44 purport to characterize and quote the APA, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the APA, Defendants deny the allegations.

**STATEMENT OF FACTS**

45.     Defendants admit the allegation in the first sentence of Paragraph 45. In response to the allegations in the second sentence, Defendants admit that the Johnson River crosses into Lake Clark National Park and empties into Cook Inlet downriver from the proposed project site. The remaining allegations in the second sentence are vague and ambiguous as to the meaning of "a few miles" and "approximately thirteen miles," and

Defendants therefore lack information sufficient to form a response and deny the allegations on that basis.

46. In response to the allegations in the first sentence of Paragraph 46, Defendants admit that the Johnson River crosses into Lake Clark National Park and empties into Cook Inlet downriver from the proposed project site. The remaining allegations in the first sentence are vague and ambiguous as to the meaning of "a few miles" and "approximately thirteen miles," and Defendants therefore lack information sufficient to form a response and deny the allegations on that basis. In response to the allegations in the second sentence, Defendants admit only that the Johnson River watershed has been negligibly impacted by past activities and could be considered nearly pristine. Defendants deny the remaining allegations in the second sentence of Paragraph 46. In response to the allegations in the third and seventh sentences, Defendants admit only that salmon, Dolly Varden, brown bears, wolves, moose, eagles, various birds, and other species have been identified in the Johnson River, the Johnson River valley, and the adjacent coastal areas and deny the remaining allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and deny the allegations on that basis.

47. The allegations in the first sentence of Paragraph 47 purport to characterize rules listing the Cook Inlet beluga whale as endangered under the ESA and designating critical habitat, which speak for themselves and are the best evidence of their contents. To

the extent the allegations are inconsistent with the listing and critical habitat rules, Defendants deny the allegations. The remaining allegations in Paragraph 47 purport to characterize and quote Federal Register notices, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Federal Register notices, Defendants deny the allegations.

48.     The allegations in the first sentence of Paragraph 48 purport to characterize a rule designating critical habitat for the Cook Inlet beluga whale, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the critical habitat rule, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48, and Defendants deny the allegations on that basis.

49.     The allegations in Paragraph 49 purport to characterize and quote the Federal Register notice designating Cook Inlet beluga whale critical habitat, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Federal Register notice, Defendants deny the allegations.

50.     The allegations in Paragraph 50 purport to characterize a 2016 "Recovery Plan for the Cook Inlet Beluga Whale" issued by the National Marine Fisheries Services ("NMFS"), which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the 2016 Recovery Plan, Defendants deny the allegations.

51. The allegations in Paragraph 51 purport to characterize and quote a 2019 Biological Opinion issued by NMFS and a study cited in the Biological Opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the 2019 Biological Opinion and the study, Defendants deny the allegations.

52. The allegations in Paragraph 52 purport to characterize and quote a 2024 Biological Opinion issued by NMFS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2024 Biological Opinion, Defendants deny the allegations.

53. The allegations in Paragraph 53 purport to characterize consultation documents between the U.S. Department of the Interior and NMFS regarding haul road and port easement conveyances in the Lake Clark National Park area, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the consultation documents, Defendants deny the allegations.

54. The allegations in Paragraph 54 purport to characterize information contained in the Corps' Memorandum for Record and CWA Section 404 Permit, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Memorandum for Record and the CWA Section 404 Permit, Defendants deny the allegations.

55. Defendants admit the allegations in Paragraph 55.

56.     Defendants admit that HighGold, which was subsequently acquired by Contango Ore, applied to the Corps for a CWA Section 404 Permit. The remaining allegations in Paragraph 56 purport to characterize the permit application, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the permit application, Defendants deny the allegations.

57.     Defendants admit the allegations in Paragraph 57.

58.     Defendants admit that members of the public, non-governmental organizations, federally recognized Tribes, and federal agencies commented on the Public Notice. The remaining allegations in Paragraph 58 purport to characterize the Public Notice comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Public Notice comments, Defendants deny the allegations.

59.     Defendants admit that approximately 330 commenters, including two Tribes and the National Park Service, requested the Corps hold a public hearing. Defendants further admit that the Corps determined a public hearing was not necessary. Defendants deny any remaining allegations in Paragraph 59.

60.     Defendants admit only that the Corps did not publish a draft Environmental Assessment ("EA") for public comment. Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants admit that the Corps issued a Memorandum for Record for the CWA Section 404 Permit on August 21, 2024. The remaining allegations in Paragraph 61 purport to characterize the Memorandum for Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum for Record, Defendants deny the allegations.

62.     Defendants admit the allegations in the first, second, third, and ninth sentences of Paragraph 62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, sixth, and eighth sentences of Paragraph 62, and deny the allegations on that basis. The allegations in the seventh sentence of Paragraph 62 purport to characterize a rule designating critical habitat for the Cook Inlet beluga whale, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the critical habitat rule, Defendants deny the allegations.

63.     In response to the allegations in the first sentence of Paragraph 63, Defendants admit only that the Corps did not engage in Section 7 consultation regarding the Cook Inlet beluga whale or its critical habitat prior to issuing the CWA Section 404 Permit. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence, and Defendants deny the allegations on that basis. The remaining allegations in Paragraph 63 purport to characterize the Corps' Memorandum for Record, which speaks for itself and is the best

evidence of its contents. To the extent the allegations are inconsistent with the Memorandum for Record, Defendants deny the allegations.

64.     Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 64. The fifth, sixth, and seventh sentences purport to characterize the Corps' Memorandum for Record and Mitigation Plan, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Memorandum for Record and the Mitigation Plan, Defendants deny the allegations.

65.     Defendants admit the allegations in the first sentence of Paragraph 65. The remaining allegations in Paragraph 65 purport to quote from and characterize information in the Memorandum for Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum for Record, Defendants deny the allegations.

66.     The allegations in Paragraph 66 purport to characterize and quote the Memorandum for Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum of Record, Defendants deny the allegations.

67.     The allegations in Paragraph 67 purport to characterize and quote the Memorandum for Record, which speaks for itself and is the best evidence of its contents.

To the extent the allegations are inconsistent with the Memorandum of Record, Defendants deny the allegations.

68. The allegations in Paragraph 68 purport to characterize and quote the Memorandum for Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum of Record, Defendants deny the allegations.

69. The allegations in Paragraph 69 purport to characterize and quote the Memorandum for Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum of Record, Defendants deny the allegations.

70. The allegations in Paragraph 70 purport to characterize and quote the Environmental Evaluation Document and Memorandum for Record, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Environmental Evaluation Document and Memorandum for Record, Defendants deny the allegations.

71. The allegations in the first, third, and fourth sentences of Paragraph 71 purport to characterize and quote a December 2, 2024 email and the Memorandum of Record, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the December 2, 2024 email and Memorandum of Record, Defendants deny the allegations. The allegations in the second

sentence of Paragraph 71 also purport to characterize information from the Memorandum of Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum of Record, Defendants deny the allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and deny the allegations on that basis.

72.     Defendants deny that the 2022 HighGold report was before the Corps during its decision-making process. The remaining allegations in Paragraph 72 purport to characterize and quote the 2022 report, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the 2022 report, Defendants deny the allegations.

73.     The allegations in the first and second sentences of Paragraph 73 purport to characterize a 2003 U.S. Geological Survey report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the report, Defendants deny the allegations. Defendants admit that the applicant provided water quality results to the Corps. The allegations in the third sentence of Paragraph 73 purport to characterize the water quality results, which speak for themselves and are the best evidence of their content. To the extent the allegations are inconsistent with the water quality results, Defendants deny the allegations.

74. The allegations in the first three sentences of Paragraph 74 purport to characterize and quote the Environmental Evaluation Document and the Memorandum for Record, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Environmental Evaluation Document and Memorandum for Record, Defendants deny the allegations. In addition, the allegations in the third sentence of Paragraph 74 are vague and ambiguous as to what information was shared publicly by HighGold in 2023, and Defendants therefore lack information sufficient to form a response and deny the allegations on that basis. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and deny the allegations on that basis.

75. The allegations in Paragraph 75 purport to characterize and quote Plaintiff Mueller's comment on the public notice, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the comment, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 75.

76. The allegations in Paragraph 76 appear to characterize information in the Memorandum for Record, a document that speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum for Record, Defendants deny the allegations.

77.    Defendants admit the allegations in the first sentence of Paragraph 77. The

remaining allegations in Paragraph 77 purport to characterize and quote the CWA Section

404 Permit issued to Contango Ore, which speaks for itself and is the best evidence of its

contents. To the extent the allegations are inconsistent with the Permit, Defendants deny

the allegations.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Endangered Species Act)

78.    Defendants incorporate their responses to Paragraphs 1 to 77 by reference.

79.    The allegations in the first sentence of Paragraph 79 purport to characterize

a rule listing the Cook Inlet beluga whale as endangered under the ESA, which speaks for

itself and is the best evidence of its contents. To the extent the allegations are inconsistent

with the listing rule, Defendants deny the allegations. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in

Paragraph 79, and Defendants deny the allegations on that basis.

80.    The allegations in the first sentence of Paragraph 80 purport to characterize

a rule designating critical habitat for the Cook Inlet beluga whale, which speaks for itself

and is the best evidence of its contents. To the extent the allegations are inconsistent with

the critical habitat rule, Defendants deny the allegations. The allegations in the second

and third sentences of Paragraph 80 purport to characterize and quote a study published

in July 2024, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the study, Defendants deny the allegations.

81.     The allegations in the first sentence of Paragraph 81 contain legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 81 characterize the CWA Section 404 Permit, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Permit, Defendants deny the allegations. In response to the allegations in the fourth sentence, Defendants admit only that Tuxedni Bay is to the east of the Johnson Tract and that Anchorage is the nearest metropolitan area to the Johnson Tract, but the remaining allegations in the fourth sentence of Paragraph 81 are vague and ambiguous as to "just a few miles" and "direct flight path"; as such, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and Defendants deny the allegations on that basis. The allegations in the fifth sentence of Paragraph 81 contain legal conclusions, to which no response is required; to the extent a response is required, Defendants deny the allegations. In response to the allegations in the sixth sentence, Defendants admit only that NMFS is the expert agency responsible for protecting the Cook Inlet beluga whale. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the sixth sentence of Paragraph 81 and deny the allegations on that basis.

82.     In response to the allegations in the first sentence, Defendants admit only that the Corps did not engage in Section 7 consultation under the ESA prior to issuing the CWA Section 404 Permit. The allegations in the second and third sentences of Paragraph 82 purport to characterize information contained in the Corps' Memorandum for Record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum for Record, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 82 consist of Plaintiffs' characterization of this lawsuit and include legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. The allegations in the fifth sentence of Paragraph 82 purport to characterize and quote the ESA's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ESA's regulations, Defendants deny the allegations.

83.     Defendants deny the allegations in Paragraph 83.

**Second Claim for Relief**
**(National Environmental Policy Act)**

84.     Defendants incorporate their responses to Paragraphs 1 to 77 by reference.

85.     The allegations in Paragraph 85 purport to characterize NEPA and jurisprudence interpreting NEPA, which speak for themselves and are the best evidence

of their contents. To the extent the allegations are inconsistent with NEPA and jurisprudence interpreting NEPA, Defendants deny the allegations.

86.     The allegations in the first sentence of Paragraph 86 appear to characterize NEPA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with NEPA, Defendants deny the allegations. Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

### Third Claim for Relief
### (Clean Water Act)

90.     Defendants incorporate their responses to Paragraphs 1 to 77 by reference.

91.     The allegations in the first sentence of Paragraph 91 contain legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations. The remaining allegations appear to characterize and quote the CWA Section 404(b)(1) Guidelines, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Guidelines, Defendants deny the allegations.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

## REQUESTED RELIEF

The remaining Paragraphs of Plaintiffs' Complaint consist of requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified in this Answer.

## DEFENSES

Defendants specifically preserve any defenses not now known, which they have or may come to have, in the course of the litigation.

WHEREFORE, Defendants deny that Plaintiffs are entitled to their requested relief from this Court and request that this action be dismissed with prejudice, that judgment be entered in favor of Defendants, and that Defendants be allowed their costs and such other and further relief as the Court may allow.

Dated: July 28, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

By:    *Kieran F. O'Neil*
AMBER DUTTON-BYNUM

Case No. 3:25-cv-00097-SLG
*Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*

CAMERON HINOJOS
KIERAN O'NEIL
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Environmental Defense Section
Wildlife & Marine Resources Section
P.O. Box 7611, Washington, DC 20044-7611
Tel: (202) 353-7548 (O'Neil)
E-mail: Kieran.O'Neil@usdoj.gov

OF COUNSEL:
BRANDEE KETCHUM
Assistant District Counsel
United States Army Corps of Engineers
Alaska District

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, I electronically filed and served the

foregoing Answer on all counsel of record via the CM/ECF system.

*/s/ Kieran F. O'Neil*
KIERAN F. O'NEIL
Trial Attorney, AK Bar No. 2311132
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-7548
Fax: (202) 305-0275
E-mail: Kieran.O'Neil@usdoj.gov

*Counsel for Defendants*