IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

COOK INLETKEEPER, CHICKALOON VILLAGE TRADITIONAL COUNCIL, CENTER FOR BIOLOGICAL DIVERSITY, and ANNA-MARIA MUELLER,

          Plaintiffs,

    v.

U.S. ARMY CORPS OF ENGINEERS, LIEUTENANT GENERAL WILLIAM H. GRAHAM, Jr., in his official capacity as Chief of Engineers and Commanding General, U.S. Army Corps of Engineers, COLONEL JEFFREY S. PALAZZINI, in his official capacity as Commander of the U.S. Army Corps of Engineers, Alaska District,

          Defendants,
    and

J T MINING, INC.,

          Intervenor-Defendant.

Case No. 3:25-cv-00097-SLG

## ORDER ON MOTION TO INTERVENE

Before the Court at Docket 12 is a Motion to Intervene as a Defendant filed by J T Mining, Inc. ("JTMI"). Neither Plaintiffs[1] nor Federal Defendants[2] filed a

---

[1] Plaintiffs are Cook Inletkeeper, Center for Biological Diversity, Chickaloon Village Traditional Council, and Anna-Maria Mueller.

[2] Federal Defendants are the U.S. Army Corps of Engineers; Lieutenant General William H. Graham, Jr., in his official capacity as Chief of Engineers and Commanding General, U.S. Army

response or otherwise took a position. For the reasons set forth below, JTMI's Motion to Intervene is GRANTED.

## BACKGROUND

This case concerns a Clean Water Act Section 404 permit ("the Permit") issued to JTMI[3] to facilitate advanced mineral exploration of the Johnson Tract.[4] The Johnson Tract is a private inholding owned by Cook Inlet Region, Inc. ("CIRI"), surrounded by Lake Clark National Park and situated at the headwaters of the Johnson River.[5] In 2019, after a period of inactivity, CIRI leased the Johnson Tract for mineral exploration activities.[6] In 2023, HighGold—which was subsequently acquired by Contango Ore—applied for a Section 404 permit from the U.S. Army Corps of Engineers ("the Corps").[7] On August 21, 2024, the Corps issued a Memorandum for Record for the permit application.[8] In September 2024, the

---

Corps of Engineers; and Colonel Jeffrey S. Palazzini, in his official capacity as Commander of the U.S. Army Corps of Engineers, Alaska District. In its motion, JTMI notes that "Lieutenant General William H. Graham is incorrectly identified as a Lieutenant in the Plaintiffs' complaint. The caption in this matter should be amended to reflect the Defendant's proper rank." Docket 12 at 2 n.1. The case caption is amended as shown above.

[3] The Complaint states that the permit was issued to Contango Ore. Docket 1 at ¶ 5. JTMI is a subsidiary of Contango Ore, and the relevant entity for purposes of the Johnson Tract project. *Johnson Tract Project*, State of Alaska, Alaska Department of Natural Resources: Division of Mining, Land, and Water, https://dnr.alaska.gov/mlw/mining/large-mines/johnson-tract/ (last visited Aug. 20, 2025).

[4] Docket 1 at ¶ 5; Docket 18 at ¶ 5.

[5] Docket 1 at ¶¶ 1, 4; Docket 18 at ¶¶ 1, 4.

[6] Docket 1 at ¶ 4; Docket 18 at ¶ 4.

[7] Docket 1 at ¶¶ 55-56 & n.1; Docket 18 at ¶ 56.

[8] Docket 1 at ¶ 61; Docket 18 at ¶ 61.

Case No. 3:25-cv-00097-SLG, *Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*
Order on Motion to Intervene
Page 2 of 7
Case 3:25-cv-00097-SLG   Document 21   Filed 08/20/25   Page 2 of 7

Corps issued the Permit to Contango Ore—or rather, to its subsidiary, JTMI—to expand the existing airstrip and construct an access road in order to facilitate advanced mineral exploration of the Johnson Tract.[9]

On May 20, 2025, Plaintiffs filed a Complaint against Federal Defendants, asking the Court to vacate the Permit and the Memorandum for Record, and alleging violations of the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq*.; the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*; the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq*.[10]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) directs district courts to permit a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Additionally, Federal Rule 24(b)(1)(B) allows a district court to permit a movant to intervene permissively if the movant "has a claim or defense that shares with the main action a common question of law or fact." The Circuit has held that

---

[9] Docket 1 at ¶ 5; Docket 18 at ¶ 5.

[10] Docket 1.

Case No. 3:25-cv-00097-SLG, *Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*
Order on Motion to Intervene
Page 3 of 7
Case 3:25-cv-00097-SLG    Document 21    Filed 08/20/25    Page 3 of 7

permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[11] However, the first requirement of an independent jurisdictional ground "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."[12] "If the trial court determines that the initial conditions for permissive intervention under rule 24(b)(1) . . . are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[13] Relevant additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether the intervenors' interests are adequately represented by other parties, . . . , and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.[14]

Ultimately, the decision to allow permissive joinder is discretionary and courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[15]

---

[11] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted).

[12] *Freedom from Religion Found*, 644 F.3d at 844.

[13] *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

[14] *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting *Spangler*, 552 F.2d at 1329).

[15] Fed. R. Civ. P. 24(b)(3).

Case No. 3:25-cv-00097-SLG, *Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*
Order on Motion to Intervene
Page 4 of 7
Case 3:25-cv-00097-SLG    Document 21    Filed 08/20/25    Page 4 of 7

## DISCUSSION

At Docket 12, JTMI moves to intervene as a matter of right, or, in the alternative, to intervene permissively. Because the Court finds that permissive intervention is warranted, the Court does not reach intervention as a matter of right.

As noted above, permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[16] First, because the Court has federal question jurisdiction over the action[17] and the proposed intervenor is not raising any new claims,[18] no independent basis for jurisdiction is necessary.[19] Second, the motion—which was filed promptly after Plaintiffs filed their Complaint and prior to Federal Defendants filing their Answer—is timely.[20]

Third, there is a "common question of law and fact between the movant's defense and the main action."[21] "A common question of law and fact . . . arises when the intervenor's claim or defense 'relate[s] to the subject matter of the action . . .,' or, stated another way, when such claims or defenses 'are clearly a critical

---

[16] *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (citations omitted).

[17] Docket 1 at ¶ 8 (citing 28 U.S.C. § 1331).

[18] *See* Docket 12-2.

[19] *See Freedom from Religion Found., Inc.*, 644 F.3d at 844.

[20] *See* Docket 1 (Complaint filed May 20, 2025); Docket 12 (Motion to Intervene filed July 7, 2025); Docket 18 (Federal Defendants' Answer filed July 28, 2025).

[21] *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (internal quotation marks omitted) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 473 (9th Cir. 1992)).

Case No. 3:25-cv-00097-SLG, *Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*
Order on Motion to Intervene
Page 5 of 7
Case 3:25-cv-00097-SLG    Document 21    Filed 08/20/25    Page 5 of 7

part of the instant case.'"²² In this matter, JTMI intends to "protect its legal rights under the Section 404 permit."²³ Accordingly, it intends to assert legal and factual defenses that relate to the Permit, which is the subject matter of this litigation.²⁴ Hence, all three threshold requirements for JTMI's proposed intervention are met.

As noted earlier, if a court determines that the three threshold requirements for permissive intervention are met, "it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention," including "the nature and extent of the intervenors' interest" and "whether the intervenors' interests are adequately represented by other parties."²⁵ JTMI has a significant interest in the outcome of this litigation. Plaintiffs seek invalidation of the Permit that grants JTMI the right to expand the existing airstrip and construct an access road to facilitate mineral exploration of the Johnson Tract.²⁶ And JTMI's interests may not be adequately represented by Federal Defendants, who have a broader array of goals and who do not share the same focused economic interest that JTMI does in the project.²⁷

---

²² *Brumback v. Ferguson*, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (first quoting *Greene v. United States*, 996 F.2d 973, 978 (9th Cir. 1993); and then quoting *Citizens Allied for Integrity & Accountability, Inc. v. Miller*, Case No. 21-00367, 2022 WL 1442966, at *7 (D. Idaho May 5, 2022)).

²³ Docket 12 at 2.

²⁴ *See* Docket 1 at ¶¶ 6-7.

²⁵ *Callahan*, 42 F.4th at 1022 (quoting *Spangler*, 552 F.2d at 1329).

²⁶ Docket 1 at ¶¶ 5, 7; Docket 12 at 7-8.

²⁷ In the context of the related intervention by right standard, the Ninth Circuit has recognized that federal agencies represent a broader array of goals and thus often do not adequately represent the interests of private parties. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647

Case No. 3:25-cv-00097-SLG, *Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*
Order on Motion to Intervene
Page 6 of 7
Case 3:25-cv-00097-SLG    Document 21    Filed 08/20/25    Page 6 of 7

Finally, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[28] Given JTMI's prompt motion for intervention in this matter before any significant progress in the litigation,[29] undue delay and prejudice are unlikely.

## CONCLUSION

For the foregoing reasons, the Motion to Intervene at Docket 12 is **GRANTED**. The Answer and Affirmative Defenses of Defendant-Intervenor J T Mining, Inc. at Docket 12-2 is ACCEPTED AS FILED. The case caption is amended as shown above.

DATED this 20th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

F.3d 893, 899 (9th Cir. 2011) ("[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation." (internal quotation marks and citations omitted)); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ("The government must present the broad public interest, not just the economic concerns of the timber industry.") (internal quotation marks and citations omitted)).

[28] Fed. R. Civ. P. 24(b)(3).

[29] *See* Docket 1 (Complaint filed May 20, 2025); Docket 12 (Motion to Intervene filed July 7, 2025); Docket 18 (Federal Defendants' Answer filed July 28, 2025).

Case No. 3:25-cv-00097-SLG, *Cook Inletkeeper, et al. v. U.S. Army Corps of Engineers, et al.*
Order on Motion to Intervene
Page 7 of 7
Case 3:25-cv-00097-SLG    Document 21    Filed 08/20/25    Page 7 of 7